## Case No. 16,008.

UNITED STATES v. PATTERSON et al. SAME v. BRENNEMAN et al.

[Gilp. 44.] [1]

District Court, E. D. Pennsylvania. Feb. 18, 1829.

OFFICIAL BONDS — ACTION TO RECOVER PUBLIC MONEYS—AUDITOR'S REPORT AS EVIDENCE.

1. The auditor's report of a balance due from a person, accountable for public money, is a guide to the comptroller as to the amount to be sued for, but not evidence for the court of the debt.

2. A certified statement of a balance due, and the report thereof to the comptroller, is not such a transcript from the books and proceedings of the treasury, as may be given in evidence under the second section of the act of March 3, 1797 [1 Stat. 512].

[Cited in U. S. v. Harrill, Case No. 15,310; U. S. v. Smith, 35 Fed. 492; U. S. v. Case, 49 Fed. 271.]

These were actions for debt [against John Patterson and Elizabeth, his wife, and Dan-

[1] [Reported by Henry D. Gilpin, Esq.]

iel Branley and Mary, his wife, administrators of George Lewis Lefler, and against Christian Brenneman, John Forrey, and Mary Gossler, executors of the last will and testament of Philip Gossler] on two bonds for twenty-five thousand dollars each, dated on the 14th October, 1799. George Lewis Lefler and Philip Gossler were sureties of Henry Miller, the principal obligor in the bonds, and a supervisor of the internal revenue of Pennsylvania. On the final adjustment of his account on the 25th September, 1811, it appeared that there was a balance of five thousand and thirty-seven dollars and forty-four cents, due from him at the time of his death. To recover this balance these suits were instituted against the legal representatives of his sureties.

Mr. Ingersoll, U. S. Dist. Atty.
Mr. Binney, for defendants.

The district attorney, to support the claim, offered in evidence the following document, certified by the register, and authenticated under the seal of the treasury department:

"No. 23,008.  Treasury Department,
"Auditor's Office, July 6th, 1810.

"I have examined and adjusted the account of Henry Miller, late supervisor of the revenue for the district of Pennsylvania, and find that he stands chargeable as follows, viz:

| | | |
|---|---:|---:|
| To balance due on settlement of his account per report, No. 15,877... | $13,723 78 | |
| Peter Muhlenburg for commission on $287,908.47, (the amount of duties and bonds outstanding, and cash in hands of the collectors and inspectors transferred to said Muhlenburg) at $1¹⁸/₁₀₀ per cent. | $3,397 32 | |
| Deduct amount charged on account of said commission per report No. No. 14,504 | 2,834 43 | |
| | | 562 89 |
| Tench Coxe, acting as supervisor, for commission on $65.70, (the amount of the balance due from officers, transferred to said Coxe, per report, No. 15,877,) at 1¹⁸/₁₀₀ per cent. which commission is to the credit of said Coxe, per report, No. 22,944 | | 77 |
| | | $14,287 44 |

"I also find that he is entitled to the following credits, viz.:

| | | |
|---|---:|---:|
| By amount of the following warrants in favor of the treasurer, viz.: | | |
| No. 1669 | $4,000 00 | |
| 1684 | 2,250 00 | |
| 1696 | 500 00 | |
| 1702 | 2,500 00 | |
| | | $ 9,250 00 |
| That the balance due the United States amounts to | | 5,037 44 |
| | | $14,287 44 |

"As will appear by the statement and documents herewith transmitted, for the de-

cision of the comptroller of the treasury thereon.                R. Harrison, Auditor.

"To Gabriel Duvall, Esquire, Comptroller of the Treasury."

Mr. Binney for the defendants objected: This document is not evidence. Of the large sum of thirteen thousand seven hundred and twenty-three dollars and seventy-eight cents, no particulars are given. It is brought here as the balance reported from a former account, respecting the items of which no information is given, nor how this balance is made. The act of congress of the 3d of March, 1797, makes a transcript from the books of the treasury evidence in suits between the United States and receivers of public money; but a mere certified balance of the account, in gross, is not a transcript from the books, within the meaning and objects of the act, which intended that the whole account should be submitted to the jury. 1 Story's Laws, 464 [1 Stat. 512].

There is besides another objection. If the transcript were full and in proper form, the act makes it evidence only against the principal debtor, or receiver of the public money, and not against his sureties.

HOPKINSON, District Judge. It is unnecessary to give any opinion on the second point, as the first is sufficient to exclude the evidence. The first section of the act of congress referred to, entitled, "An act to provide more effectually for the settlement of accounts between the United States and receivers of public money," enacts, that when any revenue officer, or other person accountable for public money, shall neglect or refuse to pay into the treasury the sum or balance reported to be due to the United States, upon the adjustment of his account, it shall be the duty of the comptroller, and he is thereby required, to institute suit for the recovery of the same. The reported balance, thus made to the comptroller, is to be his guide and instruction for the amount he is to claim, and sue for, from the delinquent; and this is the whole office and effect of the report. It is the direction to the comptroller, but not the evidence for the court.

The second section of the act provides the evidence, which shall be received on the trial, in proof of the claim, if it is judicially resisted; and then we hear nothing of the report made to the comptroller, on which the suit is brought; but for this purpose, it is declared, that "a transcript from the books, and proceedings of the treasury, certified by the register, and authenticated under the seal of the department, shall be admitted as evidence;" by which, I understand that the whole accounts, as they appear in the books; the elements out of which the reported balance is formed; together with all the proceedings, which have been had concerning them, shall be certified, and submitted to the court and jury, that they may judge whether the sum or balance, for which the suit is brought, be fairly made up, and is justly due; that they may see and determine whether any unfounded or illegal charges have been made against the defendant; or any credits refused or omitted, to which he is justly or legally entitled. A full transcript from the books, containing the accounts, and also of the proceedings of the treasury in relation to them, in admitting or rejecting disputed vouchers, charges, &c. are indispensable to these objects; they can never be reached by the mere exhibition of the balance apparent on an adjustment made, ex parte, by the officers of the treasury, and reported to the comptroller for his information of the amount claimed by the United States, and for which he is to bring suit; but which is the very matter complained of; the very adjustment appealed from, by the defendant.

The question to be tried by this jury is the correctness of this adjusted, reported balance; but if it is allowed to prove itself, what is to be tried? If a treasury certificate that such is the balance reported to be due, is enough to entitle the United States to a verdict and judgment for that amount, the trial is a mere pretence; an useless form which might be dispensed with, and the judgment entered at once on the production of the certificate. This cannot be the intention of the law. The whole cause of controversy must be put into the possession of the court, as it exists in the treasury department; and thereupon the court and jury will pass their judgment. This construction is further manifest from the fourth section of the act. It directs that "no claim for a credit shall be admitted upon trial, but such as shall appear to have been presented to the accounting officers of the treasury, for their examination, and by them disallowed in whole or in part." How appear? Assuredly by the transcript from the books and proceedings of the treasury. But these things will not, and cannot appear, and the defendant will be shut out from all the defence allowed him by the act, if it be sufficient for the United States to produce a certificate of the balance claimed by them, as reported by their accounting officers to their comptroller; which may not be impeached by denial, nor penetrated by adverse testimony; which cannot be opened to admit credits unjustly refused, nor to withdraw charges unjustly made; which, in short, furnishes nothing to be tried. In other cases, we have seen the whole accounts transcribed and produced, which shows that it is not the usage of the department to give such transcripts as that now offered.

The evidence was rejected, and exceptions were taken by the district attorney.

The jury found a verdict for the defendants.